**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10290 |
| Plaintiff - Appellee, | D.C. No. 1:11-cr-00274-LJO |
| v. | |
| ROSEMARY FIERROS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted November 18, 2014[**]

Before: LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Rosemary Fierros appeals from the district court's judgment and challenges

the 48-month sentence imposed following her jury-trial conviction for conspiracy

to unlawfully produce and transfer identification documents, in violation of 18

U.S.C. § 371; 15 counts of unlawful production of an identification document and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

aiding and abetting, in violation of 18 U.S.C. §§ 2 and 1028(a)(1), (b)(1)(A)(ii), (b)(1)(B); and 15 counts of unlawful transfer of an identification document and aiding and abetting, in violation of 18 U.S.C. §§ 2 and 1028(a)(2), (b)(1)(A)(ii), (b)(1)(B). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Fierros contends that the district court erred by failing to explain the extent of its upward variance from the advisory Sentencing Guidelines range. The court stated that it was adopting the probation officer's sentencing recommendation of 48 months in light of the seriousness of the crime and the need to deter and to provide just punishment for the offense. This explanation was sufficient. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Fierros also contends that the district court imposed a substantively unreasonable sentence because she received a sentence 30 months longer than her co-defendant, creating an unwarranted sentencing disparity. The district court did not abuse its discretion in imposing Fierros's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Fierros's leadership role in the conspiracy. *See id.*; *United States v. Espinoza-Baza*, 647 F.3d 1182, 1195 (9th Cir. 2011).

**AFFIRMED.**